# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GAIGE TREADWAY, | : | |
| 1266 Grandview Avenue | | |
| Heath, Ohio 43056 | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | JUDGE |
| COLUMBUS DIVISION OF POLICE, | : | |
| 120 Marconi Boulevard | | |
| Columbus, Ohio 43215 | : | **42 U.S.C. § 1983 Civil Complaint** |
| and | : | **Jury Demand Endorsed Herein** |
| OFC. JAMES V. LONG, | : | |
| 120 Marconi Boulevard | | |
| Columbus, Ohio 43215 | : | |
| and | : | |
| SGT. MICHAEL RAMSEY, | : | |
| 120 Marconi Boulevard | | |
| Columbus, Ohio 43215 | : | |
| and | : | |
| UNKNOWN OFFICERS, | : | |
| 120 Marconi Boulevard | | |
| Columbus, Ohio 43215 | : | |
| Defendants. | : | |

## **COMPLAINT**

Plaintiff Gaige Treadway, by and through undersigned counsel, and for his Complaint against the Columbus Division of Police, Ofc. James V. Long, Sgt. Michael Ramsey, and Unknown Officers (collectively "Defendants") states as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is a civil action brought under 42 U.S.C. § 1983 seeking damages against Defendants for committing acts, under color of state law, with the intent and purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988. The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This case also involves claims arising under State law that are so related to Plaintiff's § 1983 claim that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over those matters pursuant to 28 U.S.C. § 1367.

4. This suit challenges certain actions undertaken by Defendants which caused Plaintiff to be deprived of his constitutional rights.

5. This Court is an appropriate venue for this cause of action under 28 U.S.C. § 1391(b)(1) and (b)(2). The actions complained of took place within this judicial district; evidence, employment records, and police reports relevant to the accusations are maintained in this judicial district; and upon information and belief, all Defendants are present and regularly conduct affairs in this judicial district.

## PARTIES

6. Plaintiff Gaige Treadway is an individual who resided at 1266 Grandview Avenue, Heath, Ohio 43056, at all times relevant to this action.

7. Upon information and belief, Defendant Columbus Division of Police is an administrative division of the City of Columbus with its primary place of business located at 120 Marconi Boulevard, Columbus, Ohio 43215, and a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

8. Upon information and belief, Ofc. James V. Long is an individual who was (1) in the employ of the Columbus Division of Police and (2) acting within the scope of that employment at all times relevant to this action, with his primary place of business located at 120 Marconi Boulevard, Columbus, Ohio 43215. He is sued both in his individual and official capacities.

9. Upon information and belief, Sgt. Michael Ramsey is an individual who was (1) in the employ of the Columbus Division of Police and (2) acting within the scope of that employment at all times relevant to this action, with his primary place of business located at 120 Marconi Boulevard, Columbus, Ohio 43215. He is sued both in his individual and official capacities.

10. Upon information and belief, Unknown Officers ("Officers") are individuals who were employed by the Columbus Division of Police at all times relevant to this action, with their primary place of business located at 120 Marconi Boulevard, Columbus, Ohio. At all times material to the instant matter, each of these individuals was acting within the scope and course of their employment. Defendants Unknown Officers are sued both in their individual and official capacities.

11. At all times relevant to this Complaint, Defendants acted under color of state law.

12. All relevant conduct set forth in this complaint took place within Franklin County, Ohio.

**FACTS**

13. On May 30, 2020, Plaintiff and his father joined approximately two-thousand other individuals in downtown Columbus, Ohio, to protest the death of George Floyd, as well as systemic racial inequality and the pervasive aggression of law enforcement officers perpetuated by the customs and policies of the Columbus Division of Police ("CPD") and the City of Columbus.

14. At all times relevant to this action, Plaintiff and his father engaged in this activity in a peaceful, law-abiding manner.

15. Between 11:00 a.m. and 12:00 p.m., Unknown Officers with the Columbus Division of Police subjected Plaintiff, his father, and other peaceful protestors to pepper spray at point blank range. Shortly thereafter, officers added gas canisters to their arsenal.

16. At approximately 12:30 p.m., Plaintiff covered one of the canisters with a bucket and water, then began to direct other protestors away from the device.

17. As reflected by video footage of the events, Plaintiff began to depart after neutralizing the canister. While walking away, he displayed his middle finger to Columbus Police officers.

18. As reflected by video footage of the events, members of the Columbus Division of Police, including Defendant Michael Ramsey, immediately ran after Plaintiff, grappled him from behind, and ripped off his facemask.

19. Plaintiff was immediately placed under arrest, purportedly for assaulting an officer whilst being attacked from behind by the officers.

20. Thereafter, Plaintiff was transported by cruiser to a temporary CPD holding facility near the Columbus Center of Science and Industry ("COSI"). Once there, Unknown

Officers taunted Plaintiff, congratulating him on being "the first person to be arrested today."

21. Plaintiff was Mirandized, questioned, and placed on a bus. He was then held on that bus with a half-dozen other individuals for the next six hours.

22. At approximately 3:50 p.m., while Plaintiff was still being held on the bus, Officer James V. Long filed a Complaint in the Franklin County Municipal Court. That document contained a sworn statement that Plaintiff "knowingly cause[d] physical harm to…Michael Ramsey, a peace officer…by means of punching him." An Affidavit in Support of Probable Cause attached to the Complaint further claimed that Plaintiff "was attending a protest and began punching Sgt. M. Ramsey." Notably, the Complaint completely omitted any reference to the officers' initiation of that violent encounter.

23. Plaintiff was finally taken to the Franklin County Corrections Center II, also known as "Pike," in the early evening of May 30, 2020. He was kept in a holding cell for approximately twenty-four hours, then transferred to a general population cell which was so overcrowded that people had to sleep on the floor. He remained in that "gen pop" cell for the next twenty-four hours.

24. Plaintiff's first court appearance was conducted on June 2, 2020, at which time his bond was set at $10,000 cash, surety, or 10%[1].

25. One week later, on June 9, 2020, Plaintiff's case was summarily dismissed at the request of the Franklin County Prosecutor's Office.

26. Upon information and belief, the Columbus Division of Police has a longstanding practice of overlooking or actively ratifying unchecked officer aggression and

---

[1] Also known as an appearance bond.

constitutional deprivations. The Columbus Division of Police was, at all times relevant to this matter, aware that its customs create an unreasonable risk that individuals' constitutional rights will be violated and has adopted a deliberately indifferent attitude to that risk.

27. Upon information and belief, the conduct of Defendants James V. Long, Michael Ramsey, and Unknown Officers was a direct result of the Columbus Division of Police's policies and customs, as well as its failure to adequately supervise officers or impose meaningful discipline for constitutional violations.

28. Upon information and belief, the Columbus Division of Police has overlooked or ratified the conduct of its officers as it relates to Plaintiff's specific assault and arrest.

### COUNT ONE – VIOLATION OF CIVIL RIGHTS UNDER FIRST AND FOURTEENTH AMENDMENTS
### 42 U.S.C. §1983

29. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 28 of this Complaint.

30. The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guaranteed Plaintiff the right to freedom of speech, freedom of expression, and his right to peacefully protest at all times relevant to this matter.

31. Defendants were aware, or should have been aware, that Plaintiff had the right to exercise his freedom of speech and expression through peaceful protest. Instead, having taken offense to Plaintiff's rude gesture, Columbus law enforcement officers, including Michael Ramsey, elected to attack Plaintiff from behind and forcibly remove him from the area of the protest.

32. Thereafter, officers of the Columbus Division of Police including Michael Ramsey, James V. Long, and other Unknown Officers conspired to further deprive Plaintiff of his rights to peaceful protest and personal liberty by filing a spurious criminal complaint.

33. As a direct and proximate result of Defendants' acts, Plaintiff was deprived of his freedom of speech, freedom of expression, and his right to peacefully protest.

### COUNT TWO – VIOLATION OF CIVIL RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS (UNREASONABLE SEIZURE AND FORCE) 42 U.S.C. §1983

34. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 33 of this Complaint.

35. The Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guaranteed Plaintiff the right to be free from unreasonable seizures of his person.

36. Moreover, the Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guaranteed Plaintiff the right not to be subjected to excessive force when being stopped or arrested by law enforcement.

37. Defendants were aware, or should have been aware, that Plaintiff had a right to be free from unreasonable seizures, as well as a right not to be subjected to excessive force when being stopped or arrested. Instead, Columbus police officers, including Defendant Ramsey, elected to attack Plaintiff for a rude gesture, violently rip a gasmask from his head, subdue him from behind, and then place him under arrest in the absence of probable cause.

38. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff suffered actual, physical harm, was prevented from peacefully protesting, and was unlawfully deprived of his liberty.

### COUNT THREE – VIOLATION OF CIVIL RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS (MALICIOUS PROSECUTION)
### 42 U.S.C. §1983

39. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 38 of this Complaint.

40. The Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guaranteed Plaintiff the right to be free from malicious prosecution.

41. Defendants were aware, or should have been aware, that Plaintiff had a right to be free from malicious prosecution. However, Columbus police officers, including Defendant Long, initiated criminal proceedings against Plaintiff through the use of false factual allegations and in the absence of probable cause, for no other purpose but to maliciously punish Plaintiff for his rude gesture.

42. Though this spurious criminal proceeding was dismissed at the request of the Franklin County Prosecutor's Office, this relief was only provided after Plaintiff suffered a significant deprivation of his liberty.

### COUNT FOUR – STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 42 of this Complaint.

44. In engaging in the foregoing acts, Defendants James V. Long, Michael Ramsey, and Unknown Officers acted intentionally and with malice towards Plaintiff with the express purpose of causing him serious mental and emotional harm.

45. As a direct and proximate result of Defendants' conduct, Plaintiff has, in fact, suffered serious mental and emotional harm.

## PRAYER FOR RELIEF

**WHEREFORE,** in light of the foregoing, Plaintiff demands judgment in his favor against Defendants; that he be awarded those compensatory damages in an amount to be shown at trial; that he be awarded punitive damages in an amount to be shown at trial; that he be awarded costs and attorneys' fees for this action; and he be awarded any other legal and equitable relief that this Court deems proper.

Respectfully submitted,

/s/ Samuel H. Shamansky_____
SAMUEL H. SHAMANSKY CO., L.P.A.

Samuel H. Shamansky (0030772)
Donald L. Regensburger (0086958)
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues so triable.

Respectfully submitted,

/s/ Samuel H. Shamansky_____
SAMUEL H. SHAMANSKY CO., L.P.A.

Samuel H. Shamansky (0030772)

9

        Donald L. Regensburger (0086958)
        523 South Third Street
        Columbus, Ohio 43215
        (614) 242-3939 – Phone
        (614) 242-3999 – Fax
        shamanskyco@gmail.com

        Counsel for Plaintiff